WOLF, ADMX., APPELLANT, *v.* HAWK, A MINOR, APPELLEE.

(Decided October 17, 1939.)

*Messrs. Amerman & Mills,* for appellant.
*Messrs. Weimer & Miller,* for appellee.

DOYLE, J.   This is an appeal on questions of law from the Common Pleas Court of Wayne county.

The cause in that court was prosecuted under the wrongful death statute by Ada Wolf, as administratrix of the estate of Howard Smith, deceased, and against Eldon Hawk. It was claimed that, as a proximate result of the negligent conduct of the defendant, Hawk, in the operation of an automobile, the plaintiff's decedent was killed in a collision between the automobile operated by Hawk and one operated by plaintiff's decedent, Smith. The answer of the defendant generally denied the charge of negligence and charged that the "sole negligence of the plaintiff's decedent was the direct and proximate cause" of the decedent's death.

The court submitted to the jury the issues of negligence on the part of the defendant, and contributory negligence on the part of the plaintiff's decedent. This was done on the theory that the issue of contributory negligence was raised by the evidence. We are of the opinion that such issue was properly raised.

Upon the return of the jury, a general verdict was rendered in favor of the defendant. Judgment was thereupon entered by the court for the defendant, in conformity to the verdict.

The administratrix, the appellant in this court, makes the following assignments of error:

"1. The verdict of the jury is manifestly against the weight of the evidence.

"2. The said trial court erred in its charge to the jury."

As to the first assignment of error, the members of this court are of the opinion that, from the conflicting statements of some of the same witnesses, as well as the conflicting statements of different witnesses, coupled with the combination of circumstances as revealed by the evidence, different minds could reasonably reach different conclusions upon the issues, and that the verdict of the jury on such issues is not manifestly against the weight of the evidence.

As to the second assignment of error, to wit, that the court erred in its general charge to the jury, the part objected to is as follows:

"Now, as a general rule of law, negligence is never presumed, but the party claiming negligence must prove the same by the greater weight of the evidence, and the presumption of law is that the defendant was not guilty of negligence and this presumption prevails until overcome by the evidence submitted to you."

We are of the opinion that this charge is technically incorrect, for the reason that after the introduction of evidence of probative value on an issue of negligence, the presumption of law no longer prevails.

It is true that, as a general proposition of law, the presumption of law is that neither party was guilty of negligence and that this presumption stands until rebutted by evidence to the contrary.

It is a presumption of law, however, and has no place in a charge to a jury, which is the trier of the facts. It is a presumption which determines the issue in the absence of evidence, and is solely for the consideration of the court.

A reading of the entire charge in the instant case persuades the members of this court that the jury was not misled on the question of the burden of proof, for the court in unmistakable language correctly stated the rule on several occasions and properly applied it to the issues in the case, and that the giving of such charge was not prejudicial.

Concluding as we do on this question, a discussion of the two-issue rule is rendered unnecessary.

The judgment is affirmed.

*Judgment affirmed.*

Washburn, P. J., and Stevens, J., concur.